**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:26-cv-24310-KMM

LEONARDO RODRIGUEZ-BELTRAN,

      Petitioner,

v.

MIAMI ICE FIELD OFFICE DIRECTOR,
in his official capacity, *et al.*,

      Respondents.

_____/

**<u>ORDER</u>**

THIS CAUSE came before the Court upon Petitioner Leonardo Rodriguez-Beltran's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (the "Petition" or "Pet."). (ECF No. 1). As set forth below, the Petition is TRANSFERRED to the United States District Court for the Southern District of Mississippi.

Based on his Petition, at the time of filing Petitioner was housed at Krome North Service Processing Center ("Krome"), which is located in Dade County and therefore in this District. *See* Pet. at 1; (ECF No. 1-3) at 2; 28 U.S.C. § 89(c). However, a search of the U.S. Immigration and Customs Enforcement Online Detainee Locator System website found at https://locator.ice.gov/odls/#/search on the date of this Order indicates that Petitioner has since been transferred to Adams County Correctional Center in Natchez, Mississippi, which is in Adams County, Mississippi. Adams County is located within the Southern District of Mississippi. 28 U.S.C. § 104(b)(4). Therefore, the proper venue for this Petition is the Southern District of Mississippi. *See Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) ("For 'core habeas petitions,' 'jurisdiction lies in only one district:  the district of confinement.'" (quoting *Rumsfeld v. Padilla*,

542 U.S. 426, 443 (2004))).

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also Dobard v. Johnson*, 749 F.2d 1503, 1506–07 (11th Cir. 1985). District courts have the authority to transfer such cases *sua sponte*. *See Kapordelis v. Danzig*, 387 F. App'x 905, 907 (11th Cir. 2010) (per curiam). The Court is aware, based on other cases involving the same Respondents before it, that Petitioner's transfer may be temporary in light of the brush fires that forced an evacuation of Krome. *See, e.g., Betancourt Gonzalez v. U.S. Immigration and Customs Enforcement et al.*, No. 1:26-cv-24282-KMM (S.D. Fla. June 24, 2026) (ECF No. 6). Should Petitioner be transferred back to this District after the danger from the brush fire has cleared, the Petition may be transferred back to this Court for further adjudication.

Accordingly, UPON CONSIDERATION of the Petition, the pertinent portions of the record, and being otherwise fully advised in the premises, the Clerk of Court is DIRECTED to TRANSFER this case to the United States District Court for the Southern District of Mississippi.[1] The Clerk of Court is DIRECTED to CLOSE this case.

DONE AND ORDERED in Chambers at Miami, Florida, this __27th__ day of June, 2026.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record

---

[1] The Court therefore no longer has jurisdiction to entertain the merits of the Petition. *See Caribbean Ent. Techs., Ltd. v. Snap One, LLC*, No. 21-92019-CIV, 2023 WL 11801316, at *1 (S.D. Fla. Mar. 31, 2023) ("[B]ecause this case has already been transferred, this Court has lost jurisdiction of the matter." (citing *Koehring Co. v. Hyde Constr. Co.*, 382 U.S. 362 (1966); *Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 988 n.10 (11th Cir. 1982))).